HOLMES, Judge.
This is a case involving temporary custody of a child.
The paternal aunt of the minor child filed a dependency petition in the Juvenile Court of Montgomery County alleging that the child had been physically abused by his stepfather and that the child had left his home in Nevada without permission to come to Alabama.
A jurisdictional hearing was held by the juvenile court and it determined that it could properly exercise jurisdiction over the matter. Thereafter, a hearing on the merits was held and the trial court awarded temporary custody to the paternal aunt. The mother now appeals and we affirm.
The dispositive issue on appeal is whether the Juvenile Court of Montgomery County had jurisdiction to decide temporary custody.
The child, a sixteen-year-old male, had lived for the past six years or more in Las Vegas, Nevada, with his mother, stepfather, and two younger brothers. In August 1983, the child, Bruce, communicated with his paternal grandparents and his aunt in Alabama that his stepfather had recently beaten him, that he was unhappy in Nevada and wanted to come to Alabama.
Bruce’s aunt purchased am airplane ticket for Bruce in Alabama and her husband flew to Las Vegas and gave the ticket to Bruce. That same day Bruce left Nevada by himself and came to Alabama without his mother or stepfather’s knowledge or permission. A letter was left at Bruce’s *39 home in Las Vegas written by the paternal aunt explaining that Bruce had left for Alabama and that some legal action was forthcoming.
After Bruce arrived in Alabama, his aunt filed a petition pursuant to section 12-15-30, Ala.Code (1975), to have Bruce declared a dependent child and have his custody placed with her.
The mother contends that certain provisions of the Uniform Child Custody Jurisdiction Act (UCCJA), §§ 30-3-20 through -44, Ala.Code (1975), prevent or prohibit Alabama courts from assuming jurisdiction of this matter. Under the facts and circumstances of this case, we believe that the only relevant or applicable provision of the UCCJA is section 30-3-28. Because there was no prior order concerning custody, the Parental Kidnapping Prevention Act (PKPA) is not applicable. 28 U.S.C. § 1738A (1984).
Section 30-3-28 provides in pertinent part: “If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction if this is just and proper under the circumstances.”
This section, however, is discretionary with the trial court. Pitts v. Sutter, 408 So.2d 105 (Ala.Civ.App.1981), cert. denied, 408 So.2d 114 (Ala.1982). Under the facts of the case at bar, we cannot find an abuse of discretion.
There is more than ample evidence from which the trial court could conclude that the child had been regularly and routinely beaten by his stepfather throughout most of his life. His mother either ignored or condoned this condition. The child was almost sixteen years old when he left his home in Nevada; he voluntarily left home, by his own admission, to avoid further beatings.
As indicated above, the PKPA does not apply in this case; we are compelled to note that it appears that even if it did, Alabama courts could still properly assume jurisdiction because of the abuse situation. A court can make a child custody determination under the PKPA when the child is physically present in the state and “it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse.” 28 U.S.C. § 1738A (1984); § 30-3-23(a)(3)(b), Ala.Code (1975).
Additionally, the child was before the court on a petition of dependency, § 12-15-30, Ala.Code (1975), which states that
“(a) The juvenile court shall exercise exclusive original jurisdiction of the following proceedings, which are governed by this chapter:
“(1) Proceedings in which a child is alleged to be delinquent, dependent or in need of supervision;”
A dependent child is defined as, among other things, a child
“c. Whose custody is the subject of controversy; or
“d. Whose home, by reason of neglect, cruelty or depravity on the part of his parent, parents, guardian or other person in whose care he may be, is an unfit and improper place for him; or

“j. Who is physically, mentally or emotionally abused by his parents, guardian or other custodian or who is without proper parental care and control necessary for his well-being because of the faults or habits of his parents, guardian or other custodian or their neglect or refusal, when able to do so, to provide them;”
Ala.Code § 12-15-1(10) (1975). The child in the present case was in the state when the dependency petition was filed with the court. There were no other proceedings pending anywhere. There had never before been a judicial proceeding of any sort involving the custody of this child. Furthermore, the paternal aunt was given only temporary custody of the child.
Considering the child abuse present in this case, the fact that the child apparently came to Alabama “voluntarily,” that he was in the state when a petition for *40 dependency was filed, and the fact that jurisdiction was sought under the dependency statute leads this court to the conclusion that the Juvenile Court of Montgomery County properly assumed jurisdiction. Hence, no error.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.